**The BANKING AND TRUST COMPANY, Plaintiff-Appellant,**

v.

**John B. CONNALLY, Secretary of the Treasury of the United States, and United States of America, et al., Defendants-Appellees.**

**No. 72–1820.**

United States Court of Appeals,
Sixth Circuit.

Argued April 3, 1973.

Decided May 1, 1973.

John S. McLellan, Kingsport, Tenn., for plaintiff-appellant.

Jean A. Staudt, Dept. of Justice, Washington, D. C., for defendants-appellees; Harlington Wood, Jr., Asst. Atty. Gen., John L. Bowers, Jr., U. S. Atty., Walter H. Fleischer, Thomas J. Press, Dept. of Justice, Washington, D. C., on brief.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

Plaintiff bank in this action sought recoupment of money in the sum of $5,054 which was set off from the funds of plaintiff bank on the instruction of defendants while the funds were in the hands of the Federal Reserve Bank of Atlanta, Georgia. By this means the United States Government made itself whole for the loss to it resulting from plaintiff bank's having cashed six stolen Series E United States Savings Bonds for a Mr. Monroe, a professional forger who presented himself as a Mr. Kreiss, the owner of the bonds, having in his possession a forged driver's license, Social Security card, and credit cards in the name of said Kreiss.

The facts before the District Judge indicated that Mr. Monroe was a complete stranger to the bank personnel, that the bonds had a New Jersey mailing address, and that he presented a driver's license with a Pennsylvania address. The bank officers did not seek to corroborate Mr. Monroe's statements as to his intention to purchase a coin collection in Elizabethton, Tennessee, nor did the bank officers seek corroboration of his identification documents.

The District Judge found that the bank personnel "simply did not exert due care in cashing these forged bonds."

31 U.S.C. § 757c(i) (1970) authorizes the Treasurer of the United States to issue regulations pertaining to the fault or negligence of paying agents such as the plaintiff bank in the cashing of Savings Bonds. In a Treasury Department statement dated December 19, 1947, concerning identification of persons seeking to cash such bonds, and pertaining directly to the employment of motor vehicle operator's licenses for such purposes, the instruction statement said in part, "In any case of doubt, other acceptable documents should be required for corroborative purposes."

Under the total circumstances of this case, as set out above, and as set out more fully in the District Judge's opinion filed June 15, 1972, we conclude that the District Judge's finding of lack of due care is not clearly erroneous. Fed. R.Civ.P. 52(a).

The judgment of the District Court is affirmed.